UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ELAINE K.,[1]

        **Plaintiff,**

   v.                                  Civil Action 2:23-cv-1825
                                        Chief Judge James L. Graham
                                        Magistrate Judge Chelsey M. Vascura

**COMMISSIONER OF SOCIAL**
**SECURITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Elaine K. ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Social Security Supplemental Security Income ("SSI") benefits. This matter is before the undersigned for a Report and Recommendation on Plaintiff's Statement of Specific Errors ("Pl's SOE") (ECF No. 8); the Commissioner's Memorandum in Opposition (ECF No. 9); Plaintiff's Reply Memorandum (ECF No. 10); and the administrative record (ECF No. 7). For the reasons that follow, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner's non-disability finding and **REMAND** this case pursuant to Sentence 4 of § 405(g) for further consideration.

---

[1] Pursuant to this Court's General Order 22-01, any opinion, order, judgment, or other disposition in Social Security cases shall refer to plaintiffs by their first names and last initials.

## I.  BACKGROUND

Plaintiff protectively filed her SSI application on October 5, 2020, alleging that she became disabled beginning February 16, 1994. After Plaintiff's applications were denied at the initial and reconsideration levels, an administrative law judge ("ALJ") held a telephone hearing on April 26, 2022. Plaintiff was represented by Counsel and testified at the hearing. A vocational expert also appeared and testified at the hearing. The ALJ issued an unfavorable determination on June 3, 2022. That unfavorable determination became final on March 30, 2023, when the Appeals Council denied Plaintiff's request for review.

Plaintiff seeks judicial review of that final determination. Plaintiff asserts one contention of error: the ALJ failed to accommodate the state agency reviewers' opinion that Plaintiff be limited to "superficial" interactions with others in the workplace. (Pl's SOE 7–12, ECF No. 8.) This contention of error warrants remand.

## II.  THE ALJ'S DECISION

On June 3, 2022, the ALJ issued his decision, finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. 30–45.) At step one of the sequential

evaluation process,[2] the ALJ found that Plaintiff had not engaged in any substantial gainful activity since October 5, 2020, the application date. (*Id.* at 34.) At step two, the ALJ found that Plaintiff had the following severe impairments: Scoliosis with fusion; Seizure Disorder; Obesity; Traumatic Brain Injury; Unspecified Anxiety Disorder; Unspecified Depressive Disorder; Unspecified personality disorder; Specific learning disorder. (*Id.*) The ALJ also found that Plaintiff had the following non-severe impairments: hearing loss; thyroiditis; migraines; and asthma. (*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 35–37.) The ALJ then set forth Plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except that the claimant is limited to frequent climbing of ramps/stairs. No climbing ladders/ropes/scaffolds. Occasional stooping. Frequent kneeling, crouching and crawling. Avoiding workplace hazards such as unprotected heights and machinery. No commercial driving. She can understand remember, and

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

>carry out simple instructions. She can deal with occasional changes in a routine work setting. She can perform work that does not require specific production rate or that requires hourly quotas. She is limited to occasional interaction with the general public, co-workers and supervisors, with no customer service, persuasion or conflict resolution responsibilities.

(*Id.* at 37.) The ALJ then determined at step four that Plaintiff had no past relevant work. (*Id.* at 43.) At step five, the ALJ, relying on a vocational expert, found that jobs existed in significant numbers in the national economy that an individual with Plaintiff's age, education, work experience and residual functional capacity would have been able to perform, with representative occupations being garment folder, housekeeping cleaner, and merchandise marker. (*Id.* at 44–45.) The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act during the relevant period. (*Id*. at 45.)

### III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm a decision by the Commissioner as long as it is supported by substantial evidence and was made pursuant to proper legal standards." *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726 (6th Cir. 2014) (cleaned up); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). While this standard "requires more than a mere scintilla of evidence, substantial evidence means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 561 (6th Cir. 2022) (cleaned up) (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "examine[ ] the record as a whole and take[ ] into account whatever in the record fairly detracts from the weight" of the Commissioner's decision. *Golden Living Ctr. v. Sec'y of Health & Hum. Servs.*, 656 F.3d 421, 425 (6th Cir. 2011) (citing *Universal Camera Corp. v. NLRB*, 340 U.S.

4

474, 487 (1951)). Nevertheless, where "substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020) (quoting *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## IV. ANALYSIS

Plaintiff argues that remand is warranted, because the ALJ did not properly set forth a logical basis to exclude from Plaintiff's RFC the state-agency psychological reviewers opined limitations that Plaintiff could have only brief, superficial interactions with others in the workplace. This contention of error has merit.

A claimant's RFC is an assessment of "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1). An ALJ's RFC determination must be "based on all the relevant evidence" in a claimant's case record. § 416.945(a)(1). The governing regulations[3] describe five categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. § 416.913(a)(1)–(5).

As for two of these categories—medical opinions and prior administrative findings—an ALJ is not required to "defer or give any specific evidentiary weight, including controlling

---

[3] Because Plaintiff's applications were filed in 2019, they are subject to regulations that govern benefits applications filed after March 27, 2017.

5

weight, to any medical opinion(s) or prior administrative finding(s) including those from [the claimant's] medical sources." 20 C.F.R. § 416.920c(a). Instead, when evaluating the persuasiveness of medical opinions and prior administrative findings, an ALJ must consider the following factors: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." §§ 416.920c(c)(1)–(5).

Although there are five factors, supportability and consistency are the most important, and an ALJ must explain how he or she considered them. § 416.920c(b)(2). When considering supportability, the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support a medical opinion or prior administrative finding, the more persuasive the ALJ should find the medical opinion. § 416.920c(c)(1). When considering consistency, the more consistent a medical opinion is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the ALJ should find the medical opinion or prior administrative finding. § 416.920c(c)(2). And although an ALJ may discuss how he or she evaluated the other factors, he or she is not generally required to do so. *Id*. Instead, when an ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." § 416.920c(b)(3).

Because Plaintiff's claims of error are limited to how Plaintiff's social interaction limitations were reflected in the ALJ's RFC determination, the Court will focus its review of the medical evidence related those limitations. The state-agency's consultative examiner, Dr.

6

Kurzhals, met with Plaintiff on April 19, 2021. In his functional assessment of Plaintiff's abilities and limitations in maintaining social interactions with supervisors, co-workers and the public, Dr. Kurzhal wrote:

> [Plaintiff] has low frustration tolerance and is easily agitated. She said she does not like people and has a history of unstable relationships. She has maladaptive personality traits and was reportedly diagnosed with Borderline Personality Disorder. This information suggests there is limitation in this area.

(*Id.* at 702.) The state-agency psychology reviewer at the initial level, Dr. Tangeman, found that Plaintiff was moderately limited in several areas related to social interaction, including her ability to interact appropriately with the public, her ability to accept instructions and respond appropriately to criticism from supervisors, and her ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. (*Id*. at 106–7.) Dr. Tangeman wrote that Plaintiff "can have brief, superficial interactions with others in the workplace." (*Id.* at 107.) Dr. Swain, the state-agency reviewer at the reconsideration level, agreed with Dr. Tangeman's analysis of Plaintiff's limitations in areas related to social interactions, and Dr. Swain also agreed that Plaintiff "can have brief, superficial interactions with others in the workplace." (*Id.* at 116–7.)

In his report, the ALJ did not discuss the substance of Dr. Tangeman's or Dr. Swain's opinions. The only mention of those opinions is a brief reference in the section of the ALJ's decision addressing Plaintiff's RFC:

> The opinions of the state agency psychological consultants are partially persuasive. The undersigned notes these opinions were offered in non program-compliant language. However the undersigned has generally accommodated these opinions in the residual functional capacity above, in appropriate language and consistent with the evidence as a whole.

(*Id.* at 43.) The ALJ offered no other explanation for why he found Dr. Tangeman's and Dr. Swain's opinions only partly persuasive and failed to explain how he considered the

7

supportability and consistency factors of those opinion in his decision, as required by the regulations. *See* § 416.920c(b)(2) ("[W]e will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision."). Although the ALJ noted a belief that those opinions were offered in non-program-compliant language, he does not identity what portion of those opinions he believed were in non-program-compliant language or how he translated that language into his RFC determination. In any event, it is unclear whether non-compliant language was the ALJ's basis for finding those opinions only partially persuasive. Although it is true that an ALJ may adopt portions of a medical opinion without adopting all of it, *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015), the ALJ must still "say enough 'to allow the appellate court to trace the path of his reasoning.'" *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011) (quoting *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995)). Here, the brevity of the ALJ's consideration of Drs. Tangeman's and Swain's opinions, prevents the Court from conducting a meaningful review of the decision.

Although the ALJ wrote that he had "generally accommodated" the opinions of Dr. Tangeman and Dr. Swain in Plaintiff's RFC, the ALJ made several unexplained substantive alterations to the social limitations findings of the state-agency psychology consultants. The ALJ departed from those limitations in these ways: (1) adding a limitation of "occasional" contact; (2) omitting the opined limitation that any social interaction be "brief"; and (3) substituting the limitation that Plaintiff have "no customer service, persuasion or conflict resolution responsibilities" for Drs. Tangeman's and Swain's opined limitation that Plaintiff can have only "superficial interactions with others in the workplace." (*Compare* R. 37, *with id.* at 107 & 117.) The ALJ's determination that Plaintiff was limited to "occasional" interactions with the public,

8

co-workers and supervisors—a limitation that was *more* restrictive than the findings of Drs. Tangeman and Swain—does not prejudice Plaintiff and does not constitute reversible error. Accordingly, the undersigned considers whether the ALJ sufficiently explained the latter two alterations.

First, the ALJ did not include the limitation that any social interactions with the public, co-workers and supervisors be "brief." The term "brief" is not defined in either the Dictionary of Occupational Titles ("DOT") or the Selected Characteristics of Occupations ("SCO"), but, like the term "superficial," requires no explanation beyond its common, everyday meaning. *See Obrien v. Colvin*, No. 1:15-cv-536, 2016 WL 2755459, at *6-7 (M.D.N.C. May 11, 2016) (collecting cases for proposition that the terms "contact," "brief," and "superficial" are sufficiently precise so as not to warrant explanation beyond their common usage). The term "brief" is commonly understood to mean short in duration. Thus, Drs. Tangeman and Swain found that Plaintiff's social interactions must be short in duration and superficial in quality. An "ALJ's limitation of 'occasional' interaction does not accommodate a limitation that each interaction be 'brief or short in duration because the term 'occasional' is a well-recognized, work-related limitation pertaining to the frequency of social interactions." *Charlee N.A. v. Comm'r of Soc. Sec.*, No. 22-cv-3085, 2023 WL 312791, at *4 (S.D. Ohio Jan. 19, 2023), report and recommendation adopted, 2023 WL 1766096 (S.D. Ohio Feb. 3, 2023) (citing SSR 83-10). The ALJ failed to explain why he omitted this limitation that the sources he found partially persuasive included. This absence of explanation further requires reversal and remand.

The Court need not determine whether the ALJ's unexplained determination that Plaintiff should have no customer service, persuasion or conflict resolution responsibilities—where Drs. Tangeman and Swain found that Plaintiff should be limited to "superficial interactions with

9

others in the workplace"—is reversible error. The ALJ's failures (1) to offer any reviewable explanation for his determination that the opinions of Drs. Tangeman and Swain were only partially persuasive; and (2) to explain why he did not include the opined limitation that Plaintiff's social interactions in the workplace should be "brief" are enough to require remand. Still, the undersigned notes there is "no reversible error where the opining source neglects to define the term 'superficial interaction' *and* the ALJ provides a sufficient explanation for why he or she determined that the claimant was limited to superficial contact as the ALJ defines that term." *Charlee N.A. v. Comm'r of Soc. Sec.*, 2023 WL 312791, at *5 (citing *Betz. v. Comm'r of Soc. Sec.*, No. 3:21-cv-2408, 2022 WL 17717496 (N.D. Ohio Nov. 8, 2022)). "ALJs need not adopt verbatim a source's findings that the ALJ determines are persuasive." *Id.* (citing *See Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) ("Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale.")). But an ALJ must explain any alterations or departures from credited opinions to allow a Court to conduct a meaningful review. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (quoting 5 U.S.C. § 557(c)(3)(A)) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record'"). On remand, the Commissioner may, of course, consider this issue, as well as Plaintiff's other contentions of error if appropriate.

## V. RECOMMENDED DISPOSITION

Based on the foregoing, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner's non-disability determination and **REMAND** this case pursuant to Sentence Four of §405(g).

## VI. PROCEDURE ON OBJECTIONS

If any party objects to this R&R, that party may, within fourteen (14) days of the date of this R&R, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the R&R or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE