IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Elaine K., | |
| Plaintiff, | Case No. 2:23-cv-1825 |
| v. | Judge James L. Graham |
| Martin O'Malley, Commissioner of Social Security, | Magistrate Judge Chelsey M. Vascura |
| Defendant. | |

Opinion and Order

Plaintiff Elaine K. brings this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security denying her application for supplemental security income benefits. This matter is before the Court for consideration of the Commissioner's objection to the Magistrate Judge's Report and Recommendation, which recommended that the Court reverse the Commissioner's non-disability finding and remand the case pursuant to Sentence 4 of § 405(g) for further consideration. For the reasons stated below, the Court overrules the Commissioner's objection and adopts the Magistrate Judge's Report and Recommendation.

I.      Background

Plaintiff protectively filed her SSI application on October 5, 2020, alleging that she became disabled beginning February 16, 1994. After Plaintiff's applications were denied at the initial and reconsideration levels, she sought *de novo* review by an administrative law judge ("ALJ"). On June 3, the ALJ issued a decision finding that Plaintiff was not disabled under the Social Security Act during the relevant period. On March 30, 2023, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, which became the Commissioner's final decision.

Proceeding through the five-step sequential evaluation for resolving a disability claim, *see* 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4), the ALJ found at step one that Plaintiff had not engaged in any substantial gainful activity since October 5, 2020, the application date. At step two, the ALJ found that Plaintiff had the following severe impairments: Scoliosis with fusion; Seizure Disorder; Obesity; Traumatic Brain Injury; Unspecified Anxiety Disorder; Unspecified Depressive Disorder; Unspecified personality disorder; and Specific learning disorder. In addition, the ALJ found that Plaintiff had the following non-severe impairments: hearing loss; thyroiditis; migraines; and asthma.

1

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1.

The ALJ then set forth Plaintiff's residual functional capacity ("RFC") as follows:

[Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except that the claimant is limited to frequent climbing of ramps/stairs. No climbing ladders/ropes/scaffolds. Occasional stooping. Frequent kneeling, crouching and crawling. Avoiding workplace hazards such as unprotected heights and machinery. No commercial driving. She can understand[,] remember, and carry out simple instructions. She can deal with occasional changes in a routine work setting. She can perform work that does not require specific production rate or that requires hourly quotas. **She is limited to occasional interaction with the general public, co-workers and supervisors, with no customer service, persuasion or conflict resolution responsibilities.**

R. at 37 (emphasis added). At step four, the ALJ found that Plaintiff had no past relevant work. At step five, the ALJ, relying on a vocational expert, found that jobs existed in significant numbers in the national economy that an individual with Plaintiff's age, education, work experience and residual functional capacity could perform, including garment folder, housekeeping cleaner, and merchandise marker. The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act.

Plaintiff filed this action in which she alleges that the ALJ committed error with respect to the opinions of two state agency psychologists, Dr. Paul Tangeman and Dr. Jennifer Swain. Plaintiff argues that the ALJ failed to properly account for the psychologists' opinions that Plaintiff's social interactions be only "brief" and "superficial."

The Magistrate Judge agreed with Plaintiff's argument. The Magistrate Judge found that "the ALJ did not discuss the substance of Dr. Tangeman's or Dr. Swain's opinions." Doc. 11, p. 7. Though the ALJ stated that he found the opinions to be "partially persuasive," the Magistrate Judge determined that he offered no explanation for partially discounting the opinions and failed "to explain how he considered the supportability and consistency factors of those opinions in his decision, as required by the regulations. *See* § 416.920c(b)(2)." *Id.*, pp. 7–8.

The Commissioner timely objected to the Magistrate Judge's Report and Recommendation.

**II. Standard of Review**

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).

2

Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); 42 U.S.C. § 405(g). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). However, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### III. Discussion

At issue is the ALJ's evaluation of Plaintiff's ability to engage in social interaction. In the administrative proceedings, the state agency's consultative examiner, Dr. Robert Kurzhals, met with Plaintiff and provided the following functional assessment of her ability to maintain social interactions with supervisors, co-workers, and the public: "[Plaintiff] has low frustration tolerance and is easily agitated. She said she does not like people and has a history of unstable relationships. She has maladaptive personality traits and was reportedly diagnosed with Borderline Personality Disorder. This information suggests there is limitation in this area." R. at 702.

Plaintiff was then evaluated at the initial psychological level by Dr. Tangeman. He found that Plaintiff was moderately limited in her ability to carry out detailed instructions, maintain concentration for extended periods, complete a normal workday and workweek without interruptions from psychologically based symptoms, and perform at a consistent pace without an unreasonable number and length of rest periods. R. at 106. He further found that Plaintiff was moderately limited in several areas related to social interaction, including her ability to interact appropriately with the public, her ability to accept instructions and respond appropriately to criticism

3

from supervisors, and her ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. *Id.* at 106–07. He opined that Plaintiff "can have brief, superficial interactions with others in the workplace." *Id.* at 107. Dr. Swain, the state agency's reviewer at the reconsideration level, agreed with Dr. Tangeman's analysis of Plaintiff's limitations in areas related to social interactions and concurred that Plaintiff was only able to "have brief, superficial interactions with others in the workplace." *Id.* at 116–17.

As the Magistrate Judge observed, the ALJ did not discuss the substance of the opinions of Dr. Tangeman and Dr. Swain. The only reference by the ALJ to their opinions was made in the following paragraph:

> The opinions of the state agency psychological consultants are partially persuasive. The undersigned notes these opinions were offered in non program-compliant language. However the undersigned has generally accommodated these opinions in the residual functional capacity above, in appropriate language and consistent with the evidence as a whole.

*Id.* at 43. Without further explanation, the ALJ set forth in the Plaintiff's RFC that she is "limited to occasional interaction with the general public, co-workers and supervisors, with no customer service, persuasion or conflict resolution responsibilities." *Id.* at 37.

The Court finds that the ALJ erred by not following the applicable regulation, entitled "How we consider and articulate medical opinions." 20 C.F.R. § 416.920c. The regulation provides that the ALJ "will articulate how [he] considered the medical opinions and prior administrative medical findings in your claim according to paragraph (b) of this section." *Id.*, § 416.920c(a). Paragraph (b) provides:

> The factors of supportability . . . and consistency . . . are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be. Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision.

*Id.*, § 416.920c(b)(2).

The Commissioner does not dispute that the ALJ wholly failed to explain how he considered the supportability and consistency factors for the opinions of the state agency psychologists. In stating that the opinions were partially persuasive, the ALJ did not articulate which portions of the opinions were persuasive and which portions were not.

4

A decision of the Commissioner will not be upheld if the Commissioner fails to follow the regulations and if "that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers*, 582 F.3d at 651 (internal quotation marks omitted). In his objection, the Commissioner argues that the ALJ accommodated the opinions of Dr. Tangeman and Dr. Swain in his RFC assessment by finding that Plaintiff had a quantitative limitation on social interaction – "occasional interaction" – and a qualitative limitation – "no customer service, persuasion or conflict resolution responsibilities." In that regard, the ALJ was reasonably converting the opinions into vocationally relevant terms and caused no prejudice to Plaintiff.[1]

Though it is a close call, the Court disagrees with the Commissioner. The issue is whether a meaningful difference exists between the medical opinions' limitation of "brief, superficial interactions with others in the workplace" and the ALJ's limitation of "occasional interaction with the general public, co-workers and supervisors, with no customer service, persuasion or conflict resolution responsibilities."

The Magistrate Judge's analysis demonstrates why there is a meaningful difference. *See* Doc. 11, pp. 8–10. As she explained, three distinct types of limitations on social interaction are implicated: (1) frequency, (2) duration, and (3) quality. The medical opinions addressed types (2) and (3) in saying that the duration of an interaction had to be "brief" and the quality had to be superficial. The ALJ addressed types (1) and (3) in finding that the frequency of interactions could be no more than "occasional" and the quality could not include customer service, persuasion or conflict resolution.

The Court does not agree with the Commissioner that the term "occasional" necessarily accommodates or incorporates the term "brief" in its limitation. "Occasional" speaks to frequency and has a defined meaning in the Social Security regulations: "'Occasionally' means occurring from very little up to one-third of the time." SSR 83-10. Under this definition, it would not exceed Plaintiff's limitations to have a single social interaction which lasted one-third of her eight hour workday. Such an interaction would not be compatible with the psychologists' limitation that interactions be "brief" in duration. *See* Oxford English Dictionary (Dec. 2023) (defining "brief" as

---

[1] The ALJ's Decision did not explain what was meant by saying that the opinions were "offered in non program-compliant language." The Commissioner explains that the terms "brief" and "superficial" are not defined in the two reference sources primarily relied upon by ALJs. *See* SSR 00-4p (providing that "for information about the requirements of work in the national economy" ALJs will "rely primarily" on two publications by the Department of Labor: the Dictionary of Occupational Titles and the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles).

5

"quickly passing away or ending"). *See also Charlee N. A. v. Comm'r of Soc. Sec.*, No. 2:22-CV-3085, 2023 WL 312791, at *4 (S.D. Ohio Jan. 19, 2023), report and recommendation adopted, No. 2:22-CV-3085, 2023 WL 1766096 (S.D. Ohio Feb. 3, 2023) ("Significantly, the ALJ's limitation of 'occasional' interaction does not accommodate a limitation that each interaction be 'brief' or short in duration because the term 'occasional' is a well-recognized, work-related limitation pertaining to the frequency of social interactions.").

The Court thus finds on *de novo* review that the ALJ's failure to explain how he considered the supportability and consistency factors for Dr. Tangeman's and Dr. Swain's opinions caused prejudice to Plaintiff. Specifically, it resulted in an RFC assessment which did not include consideration of an appropriate limitation on the duration of Plaintiff's social interactions.[2] *See Mossbarger v. Comm'r of Soc. Sec.*, No. 2:14-CV-1257, 2015 WL 5561381, at *2 (S.D. Ohio Sept. 22, 2015) (ALJ's error in failing to meaningfully explain how he considered a medical opinion was not harmless because the RFC assessment was not compatible with the opinion); *Trimble v. Astrue*, No. 2:10-CV-876, 2012 WL 1068106, at *2 (S.D. Ohio Mar. 29, 2012) (ALJ's failure to explain why he rejected a medical opinion was reversible error because the opinion's limitations were more restrictive that the RFC's).

IV. **Conclusion**

For the reasons stated above, the Court overrules the Commissioner's objection (doc. 12) and adopts the Magistrate Judge's Report and Recommendation (doc. 11). The Court REVERSES the Commissioner's non-disability determination and REMANDS this the case pursuant to Sentence 4 of § 405(g) for further proceedings consistent with this Opinion and Order.

Date: September 3, 2024                                               *s/ James L. Graham*
                                                                      James L. Graham
                                                                      United States District Judge

---

[2] As to the limitation on the quality of social interactions, the Court agrees with the Magistrate Judge that it is not necessary to determine whether the ALJ's failure to comply with the explanation requirement of 20 C.F.R. § 416.920c(b)(2) is prejudicial to Plaintiff. But, as the Magistrate Judge stated, the Court would urge that this issue be considered and explained on remand.